# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JASON RAY BROOKS,

        Petitioner,

    v.

EARL HOUSER,

        Respondent.

Case No. 3:22-cv-00114-SLG

## ORDER OF DISMISSAL

On May 2, 2022, Petitioner Jason Ray Brooks, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus.[1] Mr. Brooks seeks federal habeas relief based on a challenge to the State of Alaska's criminal jurisdiction in his pending state criminal proceeding.[2] According to Mr. Brooks, the criminal acts alleged in the State's indictment occurred on Joint Base Elmendorf Richardson (JBER). Mr. Brooks asserts that under Article I, section 8, clause 17 of the U.S. Constitution, JBER is a federal enclave over which the State of Alaska has no criminal jurisdiction.[3] He requests that the Court "[o]rder the State of Alaska to immediately release [him] from incarceration and dismiss the indictment and charges" in his pending case.[4]

---

[1] Docket 1.

[2] Docket 1 at 2.

[3] Docket 1 at 6–7.

[4] Docket 1 at 8.

The Court takes judicial notice of Mr. Brooks's pending criminal case, *State of Alaska v. Jason R. Brooks*, Case No. 3AN-20-04792CR.[5]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[6] A court must "promptly examine" a habeas petition.[7] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[8]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[10] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Judicial Notice*, Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).

[6] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[8] *Id.*

[9] *Rasul*, 542 U.S. at 473–74.

[10] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 2 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 2 of 7

violation of the Constitution or laws or treaties of the United States."[11] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where it appears Mr. Smith is challenging his pretrial detention.[12]

Upon screening, it plainly appears that Mr. Brooks is not entitled to habeas relief pursuant to § 2241 because the doctrine of *Younger* abstention compels the Court to abstain from exercising jurisdiction over his current petition. *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[13] requires that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[14] *Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[15]

---

[11] 28 U.S.C. § 2241(c)(3).

[12] *See Stow v. Murashige,* 389 F.3d 880, 886 ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

[13] 401 U.S. 37 (1971).

[14] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[15] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 3 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 3 of 7

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[16]

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[17] Under the irreparable harm exception, *Younger* abstention

> does not "require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[18]

The Ninth Circuit has applied this exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[19] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[20] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[21]

---

[16] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[17] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[18] *Page*, 932 F.3d at 903 (alteration in original) (quoting *Arevalo*, 882 F.3d at 764).

[19] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[20] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[21] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 4 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 4 of 7

and to a pretrial detainee's challenge of "forcible administration of antipsychotic medications."[22] But the Ninth Circuit has not applied this exception to pre-conviction habeas petitions that "seek[] to vindicate a petitioner's speedy trial affirmative defense."[23] Nor, as far as the Court's research has discovered, has the Ninth Circuit ever applied the exception to a pretrial habeas petition challenging a state court's criminal jurisdiction.

Mr. Brooks's petition satisfies the four *Younger* abstention requirements. First, Mr. Brooks's pending criminal case is an ongoing state proceeding. Second, the Court takes judicial notice of the fact that in his pending case, Mr. Brooks has been charged with two counts of Sexual Abuse of a Minor in the First Degree, an unclassified felony, and two counts of Sexual Abuse of a Minor in the Second Degree, a Class B felony.[24] The State of Alaska has an important interest in prosecuting felony sex abuse cases.[25] Third, Mr. Brooks has an adequate opportunity to raise his federal jurisdictional challenge in the pending state case. Mr. Brooks has identified no procedural bars that might prevent him from raising his arguments in the state proceeding, such as by having his counsel file a motion

---

[22] *Id.* at 1134–36.

[23] *Id.* at 1134 (citing *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

[24] *State v. Brooks*, Case No. 3AN-20-04792CR, Party Charge Information.

[25] *Cf. Bean*, 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case . . . .").

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 5 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 5 of 7

or raise the issue at a pretrial hearing.[26] Fourth, Mr. Brooks's petition seeks "dismiss[al of] the indictment and charges" in the ongoing proceedings.[27] If granted, such relief would "ha[ve] the practical effect of enjoining" the state's proceedings.[28] Thus, Mr. Brooks's petition meets the four requirements for *Younger* abstention.

Mr. Brooks's petition presents no other facts that might justify an exception to *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction over his petition.

## CONCLUSION

In summary, Mr. Brooks's petition satisfies the requirements for applying *Younger* abstention. Because Mr. Brooks has not alleged or established bad faith, harassment, or other extraordinary circumstances that might justify an exception to abstention, the Court must abstain from exercising jurisdiction over his current petition. Mr. Brooks has therefore not presented viable grounds for a habeas petition under 28 U.S.C. § 2241, and his petition must be dismissed.

---

[26] *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (explaining that satisfying the "adequate opportunity" prong of *Younger* "requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings"). The Court takes judicial notice of the fact that an attorney from the Alaska Public Defender Agency filed an entry of appearance on Mr. Brooks's behalf in his pending state case in October 2020. *State v. Brooks*, Case No. 3AN-20-04792CR, Docket Information.

[27] Docket 1 at 8.

[28] *Bean*, 986 F.3d at 1133 (quoting *Page*, 932 F.3d at 902).

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 6 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 6 of 7

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[29]

DATED this 21st day of June, 2022, at Anchorage, Alaska.

                                                */s/ Sharon L. Gleason*
                                                UNITED STATES DISTRICT JUDGE

---

[29] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00114-SLG, *Brooks v. Houser*
Order of Dismissal
Page 7 of 7
Case 3:22-cv-00114-SLG   Document 5   Filed 06/21/22   Page 7 of 7